UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY T. CRIADO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>　　　　　Defendants.<br>_____ / | CASE NO. 1:04-CV-5150-AWI-SMS-P<br><br>ORDER DENYING PLAINTIFF'S REQUEST<br>FOR ENTRY OF DEFAULT<br><br>(Doc. 28) |

　　Plaintiff Jerry T. Criado ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against defendants Chapman, Lopez, Todd, and Sullivan ("defendants") for failing to provide plaintiff with adequate exercise, in violation of the Eighth Amendment.  On June 30, 2005, plaintiff filed a request for entry of default.

　　Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that fact is made to appear by affidavit or otherwise.  Fed. R. Civ. P. 55(a). Plaintiff has set forth no grounds that support the entry of default against defendants.  Defendants answered the complaint on December 22, 2004, and are not in default.

　　Plaintiff's request for entry of default is premised on a misunderstanding of a court order. On January 7, 2005, the court issued a discovery and scheduling order which set deadlines for the completion of discovery, for filing amended pleadings, and for filing pre-trial dispositive motions.

Plaintiff's belief that the order is self-executing and requires defendants to provide him with discoverable information is mistaken. The order itself requires no action on the part of the parties. Rather, it sets deadlines by which the parties must take certain action, if they choose so take action.

Discovery is conducted between the parties. In order for plaintiff to obtain any discovery from defendants, plaintiff needed to have served defendants with a written request or requests for discovery, subject to the constraints set forth in the January 7 order. Because plaintiff did not do so, defendants are under no obligation to provide plaintiff with any discoverable information.

Accordingly, plaintiff's request for entry of default, filed June 30, 2005, is HEREBY DENIED.

IT IS SO ORDERED.

**Dated:   July 8, 2005**                             **/s/ Sandra M. Snyder**
icido3                                                       UNITED STATES MAGISTRATE JUDGE