1
2
3
4
5
6
7
8        IN THE UNITED STATES DISTRICT COURT FOR THE
9              EASTERN DISTRICT OF CALIFORNIA
10
11   **JERRY T. CRIADO,**                    )    1:04 CV 5150  AWI SMS P
                                             )
                        **Plaintiff**,       )    **MEMORANDUM OPINION AND**
12        **v.**                             )    **ORDER GRANTING**
                                             )    **DEFENDANTS' MOTIONS IN**
13   **CALIFORNIA DEPARTMENT OF**            )    **LIMINE**
      **CORRECTIONS, et al.,**              )
14                                           )    (Document #58)
                        **Defendants**       )
15   _____)
16
17                        **BACKGROUND**

18        Plaintiff, an inmate in the custody of the California Department of Corrections, brings

19   this civil rights action against correctional officials for violations of his civil rights.   This action

20   proceeds on Plaintiff's January 22, 2004 complaint.    The remaining issue for trial is whether

21   Defendants Chapman, Lopez, Todd, and Sullivan violated Plaintiff's Eighth Amendment rights

22   by failing to provide Plaintiff with adequate exercise after his placement in the security housing

23   unit ("SHU") at the California Correctional Institution ("CCI").

24        On November 20, 2006, the court held a telephonic hearing regarding Defendants'

25   motions in limine.  At the hearing, the court granted Defendants' motions in limine and

26   precluded Plaintiff from admitting evidence on his mental and/or emotional injury pursuant to 42

27   U.S.C. § 1997e(e).  This memorandum opinion follows.

28

**DISCUSSION**

In Defendants' motions limine, Defendants ask that Plaintiff be precluded from offering evidence of mental or emotional distress pursuant to 42 U.S.C. § 1997e(e).   Defendants argue that Plaintiff is limited to nominal damages (and possibly punitive damages).

In his opposition, Plaintiff contends that Defendants violated his constitutional rights by denying Plaintiff out yard exercise for ten months.  Plaintiff claims this caused him psychological abuse.  Plaintiff alleges that he needed treatment for psychiatric problems caused by his denial of out yard exercise and continues to be treated for psychological problems.   Plaintiff alleges he has had to take psychiatric medication, which has numerous side effects.   One side effect is restlessness, which causes Plaintiff to be a danger to himself, other inmates, and staff.  Ultimately the restlessness caused prison officials to transfer Plaintiff to an institution further from his family.

In this action, Plaintiff contends that he has suffered physiological harm by Defendants' failure to give him time on the yard.  Plaintiff's action is brought under the Eighth Amendment and raises contentions that Plaintiff's conditions of confinement were cruel and unusual punishment.  To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.  Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

**A.  42 U.S.C. 1997e(e)**

Defendants contend that even if Plaintiff can show a violation of his Eighth Amendment

2

1  rights, Plaintiffs' damages are limited to nominal damages because Plaintiff did not suffer a
2  physical injury.   As such, Defendants ask that the court preclude Plaintiff from admitting
3  evidence regarding any emotional harm arising from Plaintiff's lost yard time.

4       The Prison Litigation Reform Act provides that "[n]o Federal civil action may be brought
5  by a prisoner confined in jail, prison, or other correctional facility, for mental and emotional
6  injury suffered while in custody without a prior showing of physical injury."  42 U.S.C. §
7  1997e(e).  The physical injury "need not be significant but must be more than *de minimis*."
8  Oliver v. Keller, 289 F.3d 623, 627 (9th Cir. 2002).  The physical injury requirement applies only
9  to claims for mental or emotional injuries and does not bar claims for compensatory, nominal, or
10 punitive damages.  Id. at 630.

11      The plaintiff in Oliver, like Plaintiff, brought an Eighth Amendment claim based on the
12 conditions of his confinement.   The plaintiff in Oliver alleged his conditions of confinement
13 were cruel and unusual punishment because he was housed in an overcrowded jail.   The plaintiff
14 alleged that: (1) He suffered back and leg pain from sitting and sleeping on the benches and floor,
15 (2) He was assaulted by another prisoner in a fight directly caused by the overcrowded cell
16 conditions; and (3) He developed a painful canker sore during his detention, for which he sought
17 and received treatment.  Oliver, 289 F.3d at 629.   The Ninth Circuit found that the alleged
18 injuries were not more than de minims, and the plaintiff's claims for emotional injury must be
19 dismissed pursuant to Section § 1997e(e). Oliver, 289 F.3d at 629.

20      In this action, Plaintiff suffered no physical injury from his confinement in the SHU.
21 Plaintiff's only theory of damages is emotional injury that resulted from being given limited
22 outside recreation.    Based on Oliver, the court must prohibit any monetary damages based on
23 Plaintiff's mental and emotional injury caused by Defendants' alleged Eighth Amendment
24 violation.   Plaintiff has offered no authority that would preclude Section 1997e(e)'s application
25 to this case.    Thus, the court must bar damages based on Plaintiff's emotional injuries.

26      Under the Federal Rules of Evidence, all relevant evidence is admissible except as

27

28                                         3

otherwise provided.  Fed.R.Evid. 402.  "Evidence which is not relevant is not admissible."  Id.
Because Plaintiff is not entitled to damages based on Plaintiff's emotional injuries, evidence of
Plaintiff's emotional injuries is not relevant.   Thus, the court grants Defendants' motion in
limine and precludes all evidence regarding Plaintiff's psychological injury and problems.

**B.  Testimony About Plaintiff's Medical Condition**

Defendants' second motion in limine asks the court preclude Plaintiff from testifying as a
medical expert.

Plaintiff cannot provide expert medical opinions.  For the reasons discussed above,
evidence of Plaintiff's psychological problems is not relevant for any purpose.   In addition,
Plaintiff is not an expert who can offer a conclusion about his own medical condition.  Rule 701
of the Federal Rules of Evidence provides that if a witness is not testifying as an expert, his
testimony in the form of opinions or inferences is limited to opinions which are "(a) rationally
based on the perception of the witness, (b) helpful to a clear understanding of the witness'
testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or
other specialized knowledge within the scope of Rule 702."  Fed.R.Evid. 701.  If relevant,
Plaintiff could testify about his own medical perceptions of what he felt.  However, Plaintiff
could not testify as to any scientific conclusion regarding his condition, such as diagnosing
himself.

Because evidence concerning Plaintiff's mental condition is not relevant, the court grants
Defendants' motion, and Plaintiff is precluded from offering testimony about his own mental
condition.

## ORDER

Accordingly, based on the above memorandum opinion, the court ORDERS that:

    1.    Defendants' motions in limine are GRANTED;

    2.    Plaintiff is precluded from offering evidence regarding Plaintiff's
psychological injury and problems and Plaintiff is precluded from offering

4

1    testimony about his own mental condition;

2    3.    A status conference to set further proceedings is HEREBY SET for

3          January 22, 2006 at 3:00 p.m.   Counsel for Defendants is DIRECTED to

4          arrange for telephone contact with Plaintiff, and shall initiate the

5          conference call to (559) 499-5669.

6

7    IT IS SO ORDERED.

8    **Dated:    November 22, 2006**              /s/ Anthony W. Ishii
     0m8i78                                    UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                    5